UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Shihai Liao,<br><br>            Plaintiff,<br><br> v.<br><br>Dunhuang Boston LLC d/b/a Lan Feast, Peng Jia, and Lifeng Huang,<br><br>            Defendants. | Case No.<br><br>**COMPLAINT** |

Plaintiff Shihai Liao ("Plaintiff") on his own behalf hereby files this complaint against Defendants Dunhuang Boston LLC d/b/a Lan Feast, Peng Jia, and Lifeng Huang (collectively "Defendants") and alleges the following:

**INTRODUCTION**

1. This is an action brought by Plaintiff on his own behalf, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the Massachusetts Wage Act, Mass. Gen. L. c. 149, §§ 148, 150 ("Wage Act"), and the Massachusetts Minimum Fair Wages Act, Mass. Gen. L. c. 151, §§ 1A-1B ("MFWA") (collectively, "Massachusetts State Law"), arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2. Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA, and the Massachusetts State Law by engaging in a pattern and practice of failing to pay their employees, including Plaintiff, overtime compensation for all hours worked over forty (40) each workweek and failing to pay compensation in a statutorily timely manner.

3. Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid overtime compensation, (2) liquidated damages, (5) prejudgment and post-judgment interest, and (6) attorneys' fees and costs.

4. Plaintiff further alleges pursuant to Massachusetts State Law that he is entitled to recover from Defendants: (1) nonpayment of wages earned in a timely manner, (2) treble liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

5. This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, and has supplemental jurisdiction over the Massachusetts State Law claims pursuant to 28 U.S.C. § 1367(a).

6. The aggregate amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Plaintiff's claims involve matters of national or interstate interest under the FLSA.

8. This court has personal jurisdiction over Defendants because Corporate Defendant Dunhuang Boston LLC d/b/a Lan Feast is a business entity incorporated in and has its principal place of business in Massachusetts.

9. Venue is proper in the District Court of Massachusetts pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this district, and the acts and omissions giving rise to the claims herein alleged took place in this district.

## PLAINTIFF

10. Plaintiff is a resident of Queens County, New York State.

11. From November 3, 2024 to August 19, 2025, Plaintiff was employed as a chef by Corporate Defendant Dunhuang Boston LLC d/b/a Lan Feast (hereinafter "Corporate Defendant") at its 250 Harvard Street, Brookline, MA 02446 location.

## DEFENDANTS

12. Upon information and belief, Corporate Defendant owns and operates a restaurant named Lan Feast located at 250 Harvard Street, Brookline, MA 02446.

13. Upon information and belief, Corporate Defendant had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year. Upon information and belief, Corporate Defendant purchased and handled goods moved in interstate commerce.

14. Upon information and belief, Defendant Peng Jia (hereinafter "Defendant Jia") is the owner, shareholder, officer, director, manager, and/or resident agent of Corporate Defendant at 250 Harvard Street, Brookline, MA 02446, and participated in the day-to-day operations of Lan Feast and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, Mass. Gen. L. c. 149, § 148 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

15. Upon information and belief, Defendant Jia is the owner of the Corporate Defendant and is responsible for managing and making all business decisions, including but not limited to hiring and firing employees. This is evidenced by her personally calling to interview and subsequently hire Plaintiff, supervising all employees' work, setting work schedules, including Plaintiff's, calculating and issuing employee wages, and maintaining records of employees' working hours.

16. Upon information and belief, Defendant Lifeng Huang (hereinafter "Defendant Huang") is the officer, manager, and/or supervisor of Corporate Defendant at 250 Harvard Street,

Brookline, MA 02446, and participated in the day-to-day operations of Lan Feast and acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, Mass. Gen. L. c. 149, § 148 and the regulations thereunder, and is jointly and severally liable with Corporate Defendant.

17. Defendant Huang served as the supervisor and/or manager of the restaurant. In that role, she supervised employees' performance, assigned workloads, and was responsible for training new employees.

18. At all times relevant herein, Corporate Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of FLSA.

19. At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendant.

20. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation, and failed to pay Plaintiff in a statutorily timely manner.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Pursuant to the state law requirements as set forth in Mass. Gen. L. c. 149 §150, Plaintiff filed state law statutory claims with the Office of the Attorney General on September 3, 2025. Plaintiff received authorization from the Office of the Office of the Attorney General to proceed on these claims on behalf of himself and others similarly situated by letter dated September 5, 2025.

22. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

23. Defendants committed the following alleged acts knowingly, intentionally and willfully.

24. Defendants knew that the nonpayment of overtime compensation and the failure to pay Plaintiff in a statutorily timely manner would financially injure Plaintiff and violate state and federal laws.

25. From on or around November 3, 2024 to on or around August 19, 2025 (hereinafter "all relevant times"), Plaintiff was employed as a chef by Corporate Defendant Dunhuang Boston LLC d/b/a Lan Feast at its 250 Harvard Street, Brookline, MA 02446 location.

26. During his employment, Plaintiff's primary responsibilities consisted of various kitchen tasks, including but not limited to cooking a variety of dishes, deep frying, chopping vegetables, preparing meat, and making sauces. Because Plaintiff was the only long-term cook at the restaurant, he bore primary responsibility for preparing all dishes on the menu. In addition, Plaintiff assisted with inventory-related tasks, including reporting stock levels to Defendant Jia or Defendant Huang, helping to monitor inventory, and receiving incoming deliveries.

27. Throughout all relevant periods, Plaintiff worked six or seven days per week. Even on his scheduled days off, Plaintiff was often required to work in the kitchen due to a shortage of cooks and the unavailability of anyone to cover his shift.

28. Plaintiff's regular work schedule was as follows:

   a. Monday through Thursday: 9:00 a.m. to 9:30 p.m.;

   b. Friday through Sunday: 9:00 a.m. to 10:00 p.m.

29. During all relevant times, Plaintiff did not have any uninterrupted meal break.

30. As a result, Plaintiff worked approximately eighty-nine (89) hours per week during all relevant times.

31. From on or around November 3, 2024, to November 30, 2024, Plaintiff was paid at a rate of $5,800 per month. Thereafter, until his resignation on August 19, 2025, Plaintiff was paid at a rate of $6,000 per month.

32. During all relevant times, Plaintiff was paid on a monthly basis. Each month, he received $2,000 by check, with the remaining balance paid in cash.

33. Defendants did not compensate Plaintiff for overtime compensation as required by state and federal laws.

34. Defendants did not have any timekeeping system to properly record Plaintiff's hours worked, and they did not require Plaintiff to record his hours worked.

35. Defendants committed the following alleged acts knowingly, intentionally, and willfully.

36. Defendants knew that the nonpayment of overtime compensation would economically injure Plaintiff by violating federal and state laws.

37. While employed by Defendants, Plaintiff was not exempt from federal laws requiring employers to pay employees overtime.

38. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

39. Defendants failed to pay Plaintiff in a statutorily timely manner.

## STATEMENT OF CLAIMS

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wage]**

40. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

41. At all relevant times, upon information and belief, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. §§206(a) and §§207(a). Further, Plaintiff is covered within the meaning of the FLSA, U.S.C. §§206(a) and 207(a).

42. At all relevant times, Defendants employed "employees" including Plaintiff, within the meaning of FLSA.

43. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

44. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

45. The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

46. Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

47. At all relevant times, Defendants had, and continue to have, a policy or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

48. The FLSA and supporting regulations require employers to notify employees of employment law requirements. 29 C.F.R. §516.4.

49. Defendants willfully failed to notify Plaintiff of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's labor.

50. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff.

## COUNT II
### [Violation of Massachusetts Labor Law— Untimely Payment of Wages Earned]

51. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

52. The Massachusetts Wage Act requires prompt and full payment of wages due. Specifically: "Every person having employees in his service shall pay weekly or bi-weekly each such employee the wages earned by him to within six days of the termination of the pay period during which the wages were earned if employed for five or six days in a calendar week . . . ." Mass. Gen. L. ch. 149, § 148. Employees aggrieved under the Wage Act may bring a civil action, *id.* at § 150, and employers may not escape liability through "special contract[s] with an employee," *id.* at § 148.

53. Defendants knowingly and willfully paid Plaintiff monthly.

54. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay Plaintiff his wages earned in a timely manner required by statute, which demands payment to employees weekly or biweekly as relevant to the work week.

55. Pursuant to Mass. Gen. L. c. 149 § 150, Defendants shall be liable for treble liquidated damages to the total of any lost wages or wages paid on an untimely basis as well as costs and reasonable attorneys' fees.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, respectfully requests that this court enter a judgment providing the following relief:

a) A declaratory judgment that the practices complained of herein are unlawful under FLSA and Massachusetts State Law;

b) An injunction against Dunhuang Boston LLC d/b/a Lan Feast, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, enjoining them from engaging in each of the unlawful practices and policies set forth herein;

c) An award of unpaid overtime premium due under the FLSA, and interest;

d) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

e) An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay Plaintiff in a timely manner pursuant to Massachusetts State Law;

f) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and Mass. Gen. L. c. 149 § 150;

g) The cost and disbursements of this action;

h) An award of prejudgment interest and post-judgment interest;

i) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself, demands a trial by jury of all claims as to which he has a right to trial by jury.

Dated: October 17, 2025

**FOGELMAN LAW LLC**

By: <u>/S/ MJF</u>
Matthew J. Fogelman, Esq. (BBO# 653916)
Fogelman Law
7 Wells Avenue, Suite 23
Newton, MA 02459
Tel. (617) 559-0201
mjf@fogelmanlawfirm.com
*Local counsel for Plaintiff*

**HANG & ASSOCIATES, PLLC**

By: <u>/s/ Yubo Li</u>
Yubo Li, Esq.
(*pro hac vice* application forthcoming)
136-20 38th Avenue, Suite 10G
Flushing, NY 11354
718-353-8588
yli@hanglaw.com
*Pro hac vice Attorneys for Plaintiff*